# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNIE SLOAN INTERIORS, LTD.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-8431** |
| **DAVIS PAINT CO. AND KEVIN OSTBY** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants's **12(b)(6) Motion for Partial Dismissal** (Rec. Doc. 12) is **GRANTED**.

## BACKGROUND

This matter is before the court on the 12(b)(6) Motion for Partial Dismissal filed by defendants, Davis Paint Company ("Davis") and Kevin Ostby, in which defendants seek dismissal of counts one through three of plaintiff's complaint. Plaintiff, Annie Sloan Interiors, Ltd. (ASI"), opposes the motion.

ASI is the creator of a line of decorative paint products sold under the ANNIE SLOAN® and CHALK PAINT® trademarks. Davis is the American manufacturer of ASI's paint products, and Ostby is Davis's president. Until recently, non-party Jolie Design & Décor, Inc. ("JDD"), was the

American distributor of ASI's paint products, through a tripartite manufacturing agreement among ASI, JDD, and Davis.

The tripartite manufacturing agreement (hereinafter, "Agreement") was entered into

among ASI, JDD, and Davis in April, 2010. Under the Agreement, Davis was the manufacturer of paint for ASI, the supplier, which was distributed by JDD, the distributor.

Prior to signing the Agreement, Davis had been manufacturing the paint for ASI without a formal written agreement. ASI alleges that when ASI began discussing the Agreement with Davis in 2010, Ostby, on behalf of Davis, promised ASI that Davis would not use the formula developed for ASI for anyone else.

JDD principal Lisa Rickert apparently took the lead on drafting the Agreement. Accordingly, Rickert sent a draft contract to Davis and ASI on April 6, 2010. Rec. Doc. 12-2. The next day, Davis, through Kevin Ostby, wrote back identifying several changes required for it to sign off on the Agreement. Specifically, he required that the Agreement be modified to reflect that "Davis Paint owns the current formula that we use to manufacture the Annie Sloan Chalk paint. While it is not our intent to sell chalk paint, or chalk paint for furniture to anyone else. We may, in the course of our business, develop another use for this formulation." Id.

The Agreement was executed on April 21, 2010, with the alterations required by Davis incorporated therein. Specifically, in the "Confidential Information" section of the Agreement, the provision "Written Technical data, drawings, plans and engineering in technical instructions pertaining to the Products are recognized by Manufacturer [Davis] and Distributor [JDD] to be secret and confidential and **to be the property of Supplier [ASI]**" in the initial draft was specifically revised to provide:"Written Technical data, drawings, plans and engineering in technical instructions pertaining to the Products are recognized by Supplier [ASI] and

2

Distributor [JDD] to be secret and confidential and **to be the property of Manufacturer [Davis].**" (Emphasis supplied.)

As well, while the Agreement was drafted to include two exclusivity provisions, namely, that Davis was the exclusive manufacturer of products in the territory, and that JDD was the exclusive distributor of products in the territory, there was no reciprocal exclusivity provision in favor of ASI.

Upon termination of the parties' Agreement, Davis ultimately reached an agreement to manufacture paint for Jolie Home, LLC ("JHL"), a new company formed by JDD principal Lisa Rickert and others. Davis discontinued manufacturing paint for ASI.

On September 6, 2018, ASI filed the instant action against Davis and Ostby, asserting claims for (1) breach of contract in bad faith, (2) detrimental reliance, (3) misrepresentation, (4) contributory infringement and unfair competition, and (5) violations of Louisiana's Unfair Trade Practices Act ("LUTPA"). ASI does not allege a breach of the tripartite Agreement.

With respect to the first three claims, which are the subject of the instant motion, ASI argues that in manufacturing paint for JHL, Davis violated a separate exclusivity agreement, pre-dating but not integrated into the tripartite Agreement, in which Davis agreed to manufacture its chalk paint exclusively for ASI in perpetuity. ASI further contends that it detrimentally relied on Davis's promise of exclusivity, that Davis and Ostby misrepresented the fact that they did not intend to honor the exclusivity promise, and that ASI justifiably relied on this misrepresentation. While the Complaint recites that "Ostby repeatedly communicated his promises of exclusivity to

3

Annie Sloan and to others at ASI, both orally and in writing, the sole specific allegation supporting this claim states: "For example, on April 7, 2010, Ostby wrote to Annie Sloan and stated that it was not his or his company's intent to sell the Annie Sloan Chalk Paint product 'to anyone else.'" Cmplt., ¶ 4.

## DISCUSSION

**Federal Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F. 3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S. Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S. Ct. at 1949-50.

In considering a motion to dismiss for failure to state a claim, a district court may

4

consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). However, the district court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014).

1. **Existence of Contract**

A threshold question in this matter is the existence of the alleged exclusivity agreement. In Louisiana[1], a party claiming the existence of a contract has the burden of proving that the contract was perfected. La. Civ. Code art. 1831. An oral contract valued in excess of $500 must be proved by at least one witness and other corroborating circumstances. Id. at 1846.

A valid contract requires a meeting of the minds. Read v. Willwoods Cmty., 165 So. 3d 883, 887 (La. 2015). "[W]here there is no meeting of the minds between the parties the contract is void for lack of consent." Mark A. Gravel Properties, LLC v. Eddie's BBQ, LLC, 139 So. 3d 653, 657 (La. Ct. App. 2014)(internal quotations omitted).

---

[1] The court recognizes the potential for a conflict of laws issue given the Missouri citizenship of the defendants, but notes that both parties acknowledge that with respect to the issues raised in the instant motion, there is no difference between the outcome under either Louisiana or Missouri law. "If the governing law of each jurisdiction is identical, or so similar that the same result would be reached under either law, there is a 'false conflict' and, thus, no need to determine which state's law applies." Arabie v. CITGO Petroleum Corp., 89 So. 3d 307, 327(La. 3/13/12). The court thus analyzes the instant motion under Louisiana law.

In the instant case, plaintiff does not allege a breach of the tripartite Agreement. Rather, ASI alleges the existence of a separate oral contract, an "exclusivity contract", whereby Davis gave ASI exclusive rights to the chalk paint it manufactured in perpetuity. Beyond ASI's conclusory allegations that such an exclusivity agreement existed, the sole supporting factual allegation relied upon to establish the existence of such a contract is that Ostby sent an email on April 7, 2010 which included the statement ". . . it is not our intent to sell chalk paint, or chalk paint for furniture, to anyone else." However, the statement referenced is taken out of context. Ostby's April 7 email actually said that "Davis Paint owns the current formula that we use to manufacture the Annie Sloan Chalk paint. While it is not our intent to sell chalk paint, or chalk paint for furniture to anyone else. We may, in the course of our business, develop another use for this formulation."

Read in context, the language pointed to supports an interpretation opposite to that urged by ASI. While the punctuation is imperfect, the clear gist of the statement is "we don't have any intention to sell to others at present, but make no future guarantees." This interpretation is inconsistent with the existence of an exclusivity agreement, and consistent with Davis's insistence that it was the owner of the paint formula, the lack of any exclusivity provision in ASI's favor being included in the tripartite Agreement, and the express reservation of the right to "develop another use for this formulation" in the future.

The court also notes that the email exchange was part of the negotiation of the tripartite Agreement, and it was contemplated that the provisions discussed would be included in the

ultimate written Agreement, which ASI signed. As previously observed, no exclusivity provision in favor of ASI was incorporated in the Agreement.

Thus, even viewing the allegations in the light most favorable to plaintiff, plaintiff has not pleaded sufficient facts that would allow the court reasonably to conclude that there was any meeting of the minds on the alleged exclusivity agreement. Nor does ASI plead the existence of any corroborating witnesses and circumstances that would establish the existence of an exclusivity agreement in favor of ASI. Accordingly, ASI has failed to state a breach of contract claim against Davis.

**2.     Detrimental Reliance**

Three elements are required for the application of the doctrine of detrimental reliance: (1) a representation by conduct or word; (2) justifiable reliance thereon; and (3) a change of position to one's detriment because of the reliance. Morris v. Friedman, 663 So. 2d 19, 25 (La. 1995). "[T]he basis of detrimental reliance is 'the idea that a person should not harm another person by making promises that he will not keep.'" Suire v. Lafayette City-Parish Consol. Gov't, 907 So. 2d 37, 59 (La. 2005). "Thus, the focus of analysis of a detrimental reliance claim is . . . whether a representation was made in such a manner that the promisor should have expected the promisee to rely upon it, and whether the promisee so relies to his detriment." Id. It is not necessary for a plaintiff to establish the existence of an enforceable contract to recover for detrimental reliance. Rogers v. Brooks, 122 Fed. Appx. 729, 732 (5th Cir. 2004) (citing Newport Ltd. v Sears, Roebuck & Co., 6 F. 3d 1058, 1069 (5th Cir. 1993)). However, reliance on an alleged promise is

unreasonable when the parties anticipate entering into a written agreement, and the proposed terms of the written agreement were not mutually agreeable. Id. at 733.

ASI contends that the reasonableness of their reliance on the purported assurances of exclusivity from Davis and Ostby are proven by the representation in the April 7, 2010 email that Davis did not intend to sell the paint to anyone else. However, as noted above, reading that phrase in context does support that view. To the contrary, Davis specifically retained ownership and left open the possibility of other future uses. As well, the comment relied upon was part of the negotiations for a future written contract which did not include exclusivity in favor of ASI. Therefore, plaintiff has failed to state a claim against Davis for detrimental reliance.

**3.     Intentional or Fraudulent Misrepresentation**

ASI also alleges that Davis and Ostby communicated to it both orally and in writing that it would manufacture chalk paint exclusively for ASI, when they had no intention of fulfilling that promise, and the promise was made with the intent to deceive ASI. While not so denominating it, this is a claim for intentional or fraudulent misrepresentation.

Under Louisiana law, the elements of a claim for intentional misrepresentation are: (1) a misrepresentation of a material fact; (2) made with intent to deceive; and (3) causing justifiable reliance with resultant injury. Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc., 527 F. 3d 412, 418 (5th Cir. 2008).

The court finds that the third element is not met in this case. Again, the sole specific misrepresentation alleged is the emailed statement that "Davis Paint owns the current formula

8

that we use to manufacture the Annie Sloan Chalk paint. While it is not our intent to sell chalk paint, or chalk paint for furniture to anyone else. We may, in the course of our business, develop another use for this formulation." Again, the court finds that because this communication expressly reserves the option to develop other uses for the formula in the future, reliance on the statement to conclude that ASI was being granted exclusivity was not justified. Reinforcing this conclusion is the fact that Davis rejected the draft of the Agreement giving ownership of the formula to ASI, instead insisting that the Agreement acknowledge that Davis retained ownership, and that ASI subsequently signed the Agreement. Accordingly, the misrepresentation claim is also subject to dismissal.

For all of the foregoing reasons, the court finds that based on the allegations of the Complaint, it cannot draw any reasonable inference that the defendants are liable for the misconduct alleged in counts one through three of the Complaint. Therefore,

**IT IS ORDERED** that the **12(b)(6) Motion for Partial Dismissal** filed by defendants, Davis Paint Company and Kevin Ostby, is hereby **GRANTED**, and counts one through three of plaintiff's Complaint are **DISMISSED**.

New Orleans, Louisiana, this  25th   day of January, 2019.

_____

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**