UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNIE SLOAN INTERIORS, LTD.,<br><br>Plaintiff,<br><br>VERSUS<br><br>DAVIS PAINT COMPANY, KEVIN OSTBY,<br><br>Defendants. | 18-CV-08431<br><br><br><br>JUDGE MARY ANN VIAL LEMMON<br><br>MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

## ORDER AND REASONS

Before the Court is plaintiff's Motion for Leave to File First Supplemental and Amended Complaint. (Rec. Doc. 52). For the following reasons, the Motion is GRANTED. Plaintiff's First Supplemental and Amended Complaint shall be entered into the record.

### Background

This dispute arises out of a Manufacturing Agreement between plaintiff Annie Sloan Interiors, Ltd. ("ASI"), defendant Davis Paint Company ("Davis Paint"), and non-party Jolie Design & Décor, Inc. ("JDD").[1] ASI filed its original complaint against Davis Paint and its principal Kevin Ostby on September 6, 2018, asserting claims for breach of contract in bad faith, detrimental reliance, misrepresentation, contributory infringement and unfair competition in violation of the Lanham Act, and violations of the Louisiana Unfair Trade Practices Act ("LUTPA"). ASI alleged that Davis Paint had promised to use the specifications of the paint products it had agreed to develop and manufacture exclusively for ASI. In the alternative, ASI argued that the doctrine of detrimental reliance bound Davis Paint to keep its promise not to use the specifications developed for ASI for anyone except ASI. It argued that Ostby and Davis Paint

---

[1] JDD is subject to a separate lawsuit by ASI that is also pending in this court.

1

intentionally misrepresented their intent to fulfill the promise of exclusivity. And ASI alleged that Davis Paint, JDD, and Jolie Home, LLC ("JHL")—a company formed by JDD's principals in the wake of the breakdown in the JDD-ASI relationship—are engaging in infringement of ASI's trademarks.

Defendants filed a partial motion to dismiss on November 2, 2018. On January 25, 2019, the district court granted the motion, dismissing all of ASI's claims, except those for alleged trademark infringement and violations of the Louisiana Unfair Trade Practices Act ("LUTPA"). The other three claims were based on the alleged existence of oral promises made during the negotiation of the Manufacturing Agreement, but the court rejected them because it found that the email purportedly supporting a promise of exclusivity actually indicated that Davis Paint intended to keep open the possibility of selling to others in the future. Thus, the court dismissed ASI's breach of contract claim, holding that ASI had failed to plead sufficient facts to allow a conclusion that there was any meeting of the minds on an exclusivity agreement. The court also rejected the detrimental reliance claim for the same reason that the email did not promise exclusivity. The court added that "the comment relied upon was part of the negotiations for a future written contract which did not include exclusivity in favor of ASI." ASI's intentional or fraudulent misrepresentation was also dismissed because the court found that reliance on the email as a promise of exclusivity was not justifiable.

On February 21, 2019, ASI filed a Motion for Leave to Amend seeking to assert a claim for breach of an implied duty of good faith and fair dealing and to supplement its allegations as to its detrimental reliance claim. Among other things, Davis Paint argued in opposition that ASI's proposed pleading was futile because a breach of the implied duty of good faith and fair dealing requires a predicate breach of contract, which had not been alleged. Before any ruling issued on

that Motion for Leave to Amend, ASI sought to substitute the proposed pleading with a new pleading that addressed this purported deficiency and plead additional facts. Davis Paint opposed the substitution, but before its opposition could be filed, ASI filed a second motion to substitute the proposed pleading to plead additional facts. To streamline ASI's request to file an amended pleading, the court denied all pending motions related to the proposed pleading and required ASI to file a new motion for leave to amend, which attaches the pleading that ASI seeks to file and the reasons why it should be granted leave to do so.

On April 5, 2019, ASI filed the present Motion for Leave to Amend. It seeks to delete its negligent misrepresentation claim and its original breach of contract claim, which was based on the email agreement. It seeks to add a new breach of contract claim against Davis Paint for breach of the Manufacturing Agreement, alleging that Davis Paint sold products manufactured for ASI to JHL or to JDD as an alter ego and "front" for JHL with the knowledge that the products would be re-labeled and sold as JHL products and not as ASI products. It submits that this was in breach of the Manufacturing Agreement's requirement that "All Products Manufactured for [ASI] shall be sold exclusively to [JDD] within Territory as laid out in this agreement unless agreed upon and documented by [ASI] and [JDD]." ASI also reasserts its detrimental reliance claim and adds facts in support of the claim. It alleges that Davis Paint's eight years of manufacturing the paint at issue exclusively for ASI establishes that ASI was reasonable in relying on Davis Paint's promise to manufacture this paint exclusively for ASI. It cites testimony by Mr. Ostby that ASI was entitled to rely on his representation that he did not intend to sell chalk paint to anyone else in the future. ASI alleges that throughout the paint development process, Ostby referred to the paint products as Annie Sloan paint and not as Davis Paint paint. It cites an additional email where Ostby stated "we would not represent Annie Sloan products to anyone other then who you tell us, are ok, to deal

3

with." ASI alleges that it relied on this promise in agreeing to introduce Davis Paint to Lisa Rickert of JDD. It alleges that the Manufacturing Agreement gave ASI the sole right to change the specifications and design of the products. ASI's proposed complaint also includes the Lanham Act and LUTPA claims as alleged in its original complaint.

Trial in this matter has not yet been set, nor has the court set any deadline for amending pleadings.

## Law and Analysis

*1. Standard for Granting a Motion for Leave to Amend*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

To determine whether a complaint is futile, courts "apply 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863,

872–73 (5th Cir. 2000) (quoting Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). As explained by the United States Supreme Court,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

*2. Parties' Arguments*

Defendants oppose the proposed amendment, arguing that ASI's unexcused delay and lack of diligence justifies a denial. They point out that the Federal Rules of Civil Procedure allow a party to amend their complaint to cure deficiencies within 21 days after being served with a motion to dismiss. ASI did not do so—nor did it assert in opposition to the motion to dismiss that it could cure the deficiencies identified therein with an amended pleading. Instead, defendants argue, ASI waited three and a half months to raise claims that could have been asserted at the time of its original filing. Then when defendants opposed the motion and pointed out additional failings, ASI sought to file a new proposed amended complaint. Defendants submit that the court should put an end to ASI's dilatory tactics.

In reply, ASI argues that delay alone is insufficient to deny a motion for leave to amend unless the delay is undue because it prejudices the nonmoving party. Mayeaux v. Louisiana Health Serv. & Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004) ("[W]e know that delay alone is an

5

insufficient basis for denial of leave to amend: The delay must be *undue,* i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."). It points out that it has made no previous amendments to its pleadings and no scheduling order has yet been issued. ASI submits that defendants have not suffered any prejudice as a result of the delay. No trial has been set and the parties have not engaged in discovery.

Additionally, Defendants argue that ASI's motion should be denied as futile. They argue that ASI's detrimental reliance claim fails as a matter of law. For this argument, they rely on their previous opposition memorandum where they argued that additional facts about Mr. Ostby's admission[2] that ASI could rely on his representation of exclusivity cannot resurrect the detrimental reliance claim. They point out that the district court already found that ASI could not reasonably rely on Mr. Ostby's email purportedly promising exclusivity in part because reliance on comments made during negotiations of a contract are not reasonable when made outside the scope of a fully integrated written agreement. See Omnitech Int'l, Inc. v. Clorox Co., 11 F.3d 1316, 1330 (5th Cir. 1994) (holding that the trial court did not err in finding reliance on "promises [made] outside the scope of the fully-integrated, written agreements between" the parties "was unreasonable as a matter of law").

ASI responds that its proposed pleading includes more to support its detrimental reliance claim than just Ostby's testimony. ASI argues that in ruling on the motion to dismiss, the district court found the sole email on which ASI relied for the promise of exclusivity was insufficient because the full email indicated that Davis Paint did not intend to guarantee that it would not sell to others in the future. Indeed, that email stated that "Davis Paint owns the current formula" and added that "We may, in the course of our business, develop another use for this formulation." ASI

---

[2] They add that the question prompting his admission was objected to as a request for a legal conclusion.

says its amended pleading remedies this deficiency because it now alleges that emails confirm that Davis Paint prepared paint samples at ASI's request and for ASI's approval. It alleges that Davis Paint always referred to the product as Annie Sloan, and not Davis Paint, paint. It alleges that an ASI representative told Ostby that before he would introduce JDD to him, Ostby would have to promise that the paint would be sold only to ASI's United States distributor and that Davis Paint would not sell or represent ASI paint to anyone else. It alleges that Ostby replied that "[o]f course we would not represent Annie Sloan products to anyone other then who you tell us, are ok, to deal with." It alleges that it relied on this promise in introducing Ostby to JDD and Rickert.

Defendants also argue that ASI's breach of the Manufacturing Agreement claim is futile. They concede that ASI's theory is that the Manufacturing Agreement requires Davis Paint to sell any paint it manufactured for ASI solely to JDD. But, they argue that the contract does not prohibit Davis Paint from manufacturing and selling paint to JHL. They point out that the District Court has already rejected ASI's argument that the Manufacturing Agreement contains an exclusivity obligation in favor of ASI. In reply, ASI points out that its original cause of action on exclusivity was based on an alleged oral promise by Ostby, not on a breach of the Manufacturing Agreement. It submits that the District Court did not consider whether Defendants may have breached the Manufacturing Agreement.

   3. *Analysis*

Because there is no scheduling order dictating a deadline to amend pleadings, the Rule 15 standard applies and ASI's amendment should be allowed unless there is a substantial reason to deny it. The Court rejects Davis Paint's argument that ASI's motion must be denied as dilatory. Although ASI waited over three months to modify its pleadings to remedy the deficiencies addressed by the court in ruling on the motion to dismiss, and although ASI again re-framed its

7

position in response to Davis Paint's opposition to its first motion for leave to amend, Davis Paint has suffered no prejudice as a result of this delay. No discovery has yet been conducted, no trial has been set, no dispositive motions are pending. Thus, the Court finds that ASI's delay is not alone sufficient to justify denying it leave to amend.

Davis Paint's remaining argument is that ASI's motion should be denied as futile. The court disagrees, finding instead that both ASI's detrimental reliance and breach of contract claims are plausible. In support of its proposed detrimental reliance claim, ASI adds factual support for the alleged promises and representations made by Mr. Ostby prior to the execution of the Manufacturing Agreement, including an email where ASI required that Mr. Ostby agree not to manufacture paint for anyone else before ASI would introduce him to its distributor, and Mr. Ostby responds in agreement, stating that Davis Paint would not represent ASI products to anyone other than those authorized by ASI. ASI also alleges Mr. Ostby's habit of referring to the paint as Annie Sloan paint. As before, ASI alleges that the Manufacturing Agreement did not contain an integration clause stating that all the parties' understandings on the subject of the manufacturing relationship were contained in the contract. It also now alleges that Davis Paint did not use ASI's technical specifications to manufacture paint for anyone other than ASI from April 2010 through mid-2018. These allegations thus go much further than the one email that ASI relied on in its original complaint and they could support a finding that Davis Paint promised exclusivity to ASI. This remedies the district court's conclusion that the single email did not support ASI's position that Davis Paint did not intend to sell to anyone else.

For the detrimental reliance claim to survive, ASI must also have plead sufficient facts to support finding that its reliance on the alleged promises was reasonable.[3] The Louisiana Civil Code

---

[3] Davis Paint argues that in ruling on the motion to dismiss, the court already "found that reliance on comments made during negotiations for a future written contact which did not include exclusivity was not reasonable." (Rec. Doc. 41).

provides that "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." La. Civ. Code art. 1967. As the district court observed in ruling on Davis Paint's partial motion to dismiss, courts have held that "reliance is unreasonable where the parties anticipated entering into a written agreement, and the proposed written agreement contained terms that were not mutually agreeable." Rogers v. Brooks, 122 F. App'x 729, 733 (5th Cir. 2004). In Rogers, one party argued that he relied on the other party's promise to sell his membership interest in a company. Id. at 730. After this purported promise, the parties agreed that the buyer's lawyers would draft the sale documents. Id. The buyer objected to the warranty provisions contained in the documents and refused to negotiate further. Id. The court of appeals affirmed the district court's grant of summary judgment dismissing the detrimental reliance claim, finding that any reliance on the alleged promise to sell was unreasonable given the on-and-off negotiations the parties had gone through in advance of the alleged promise and given that the parties anticipated entering into a written agreement to consummate the proposed sale, but they could not agree to the terms in the documents. Id. at 733.

Davis Paint cites Omnitech International, Inc. v. Clorox Co., where the Fifth Circuit affirmed judgment as a matter of law dismissing a detrimental reliance claim, holding that the trial court had not erred in concluding that reliance upon oral representations and assurances was unreasonable as a matter of law where the promises were "outside the scope of the fully-integrated, written agreements" between the parties. 11 F.3d 1316, 1330 (5th Cir. 1994). Critically, though,

---

But Davis Paint overstates the district court's ruling. In dismissing ASI's detrimental reliance claim, the district court observed that "the comment relied upon was part of the negotiations for a future written contract which did not include exclusivity in favor of ASI." (Rec. Doc. 36, at 8). But it is clear that this was not the crux of the district court's ruling and that the primary problem with the original detrimental reliance claim was that it was based on an email that could not support the purported promise. The court here considers whether reliance was reasonable in light of the circumstances now plead.

9

the contract in Omnitech contained an express integration clause "reflecting that the entire agreement between the parties had been reduced to writing." Id. at 1328. In considering the party's alternative argument that the oral agreements were enforceable contracts, the court of appeals explained that:

> While we by no means interpret the merger clause, *per se,* to preclude any parol evidence as to other possible agreements and/or representations between the parties, the facts of the instant case compel a conclusion that the merger clause correctly reflected the parties' intentions and should thus be enforced as written.

Id. The presence of an integration clause was central to the court's finding that the subsequent written contract made reliance on the earlier promises unreasonable as a matter of law.

Here, unlike the Rogers case, the facts plead do not show that the parties intended to put their exclusivity agreement into writing, but then could not agree to the terms of exclusivity. Further, unlike the Omnitech case, the Manufacturing Agreement here contains no integration clause. Thus, the Manufacturing Agreement does not preclude, as a matter of law, the finding that the parties had made other promises that were not included in the Manufacturing Agreement. Indeed, it would not be unreasonable to conclude that had the parties intended the Manufacturing Agreement to supersede prior promises, they would have included such language in the agreement. A juror could reasonably find that ASI was reasonable in relying on Mr. Ostby's representations, assurances, and practices of exclusivity. Given the additional facts plead by ASI, which could support a finding of a promise of exclusivity, and given that the Manufacturing Agreement does not contain an integration clause, the court finds that ASI has stated a plausible claim for detrimental reliance. Accordingly, the claim is not futile.

ASI's breach of contract claim will also be allowed to proceed. In ASI's proposed breach of contract claim, it alleges that Davis Paint was obligated to sell paint manufactured for ASI only to JDD and that Davis Paint breached that agreement when it sold paint it manufactured for ASI

10

to JHL or, alternatively, sold to JDD with the knowledge that the products would be re-labeled and sold as JHL products. Davis Paint contends that the Manufacturing Agreement "did not prohibit [Davis Paint] from selling paint to JHL." This interpretation seems based on the district court's ruling on its motion to dismiss, wherein the district court found that ASI had not stated a claim for breach of an oral promise of exclusivity. In that order and reasons, the district court observed that there was no exclusivity provision in favor of ASI. (Rec. Doc. 36, at 3). Davis Paint appears to conclude therefrom that it was entitled to sell the paint to whoever it wanted. However, in ruling on the motion to dismiss, the court also observed that "JDD was the exclusive distributor of products in the territory." Id. And the clear terms of the contract require that "all Products Manufactured for [ASI] shall be sold exclusively to [JDD.]" (Rec. Doc. 12-3, at 3). Thus, by alleging that Davis Paint sold paint manufactured for ASI to JHL or to JDD as an alter ego for JHL, ASI has stated a claim for breach of the Manufacturing Agreement.

## Conclusion

For the foregoing reasons, the Motion for Leave to Amend is GRANTED. ASI's First Supplemental and Amended Complaint shall be entered into the record.

New Orleans, Louisiana, this 2nd day of May, 2019.

                                            Janis van Meerveld
                                            United States Magistrate Judge